# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | |
| CHARLES STEVEN WOOD, SR. AND JANICE A. WOOD, | CASE NO. 09-52037-NPO |
| DEBTORS. | CHAPTER 13 |
| BANKPLUS | PLAINTIFF AND COUNTERDEFENDANT |
| VS. | ADV. PROC. NO. 09-05078-NPO |
| CHARLES STEVEN WOOD, SR. AND JANICE A. WOOD | DEFENDANTS, COUNTERCLAIMANTS & THIRD-PARTY PLAINTIFFS |
| AND | |
| J. C. BELL, TRUSTEE | DEFENDANT |
| AND | |
| TURQUOISE PROPERTIES GULF, INC. | THIRD-PARTY DEFENDANT |

## MEMORANDUM OPINION
## GRANTING PARTIAL SUMMARY JUDGMENT

This matter came on for consideration on the Motion for Summary Judgment (the "Motion") (Adv. Dkt. No. 71)[1] and the Memorandum Brief in Support of Motion for Summary Judgment (the "Brief") (Adv. Dkt. No. 72), filed by BankPlus pursuant to Federal Rule of Civil Procedure 56, made applicable by Federal Rule of Bankruptcy Procedure 7056, in the above-referenced adversary

---

[1] Citations to the record are as follows: (1) citations to the docket entries in this adversary proceeding are cited as "(Adv. Dkt. No. ___)"; (2) citations to docket entries in the main bankruptcy case, Case No. 09-52037-NPO, are cited as "Bankr. Dkt. No. ___)."

proceeding (the "Adversary"). No response to the Motion has been filed. In this matter, William H. Leech and Danny E. Ruhl represent BankPlus, and R. Allen Flowers represents Charles Steven Wood, Sr. and Janice A. Wood (the "Debtors"). The Court, having considered the Motion, the supporting documentation, and the Brief, finds that no genuine issues of material fact exist. BankPlus is entitled to Judgment as a matter of law as to Count II of BankPlus's Amended Complaint (the "Amended Complaint") (Adv. Dkt. No. 69) and Count III of the Debtors' Answer, Counter Complaint & Cross Complaint ("Counterclaim") (Adv. Dkt. No. 14). Accordingly, the Motion should be granted for the reasons set forth below.[2]

## Jurisdiction

This Court has jurisdiction over the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(K).

## Facts[3]

1. On or about May 10, 2005, the Debtors entered into a Purchase and Escrow Agreement (the "Purchase Agreement") with Turquoise Properties Gulf, Inc. ("Turquoise") for the

---

[2] This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, made applicable by Fed. R. Bankr. P. 7052.

[3] The factual recitations set forth in the Motion and supporting documentation submitted by BankPlus are accepted by the Court as undisputed given that there was no opposition to the Motion. See Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988). Specific references to supporting documentation or discovery upon which the recited facts are based are contained in the Motion. The facts set forth in the opinion contain a summary of those recited more fully in the Motion. The undisputed statement of facts as set forth in the Motion and the included references to documentation is adopted by the Court in support of its ruling. See Reed v. Tokio Marine and Nichido Fire Ins. Co. Ltd., 2010 WL 1853566, *2 (W.D. La. May 6, 2010) (court adopted and incorporated facts set forth in statement of uncontested facts attached to summary judgment motion where they were uncontroverted).

construction and purchase of a condominium unit in Orange Beach, Alabama.

2. On November 1, 2008, an irrevocable letter of credit ("Letter of Credit") was issued by BankPlus in connection with the Purchase Agreement in the amount of $277,180.00, naming U.S. Bank National Association ("U.S. Bank") as beneficiary and the Debtors as borrowers.

3. In the Application and Agreement for Irrevocable Letter of Credit dated November 1, 2008 ("Letter of Credit Agreement"), the Debtors agreed to repay BankPlus amounts paid under the Letter of Credit plus interest as set forth in a promissory note (the "Note"), together with attorneys' fees and expenses in connection with claims arising under or connected with the Letter of Credit and/or Letter of Credit Agreement or enforcement thereof.

4. On November 1, 2008, the Debtors executed the Note in favor of BankPlus in the principal amount of $277,180.00, evidencing a line of credit in the same amount of the Letter of Credit. Pursuant to the Note, the Debtors agreed to repay BankPlus for amounts advanced under the Note with 6% per annum, or 11% after default, plus attorneys' fees and expenses in connection with collection on the Note and participation in bankruptcy proceedings. An advance under the Note could include payment on the Letter of Credit.

5. On November 1, 2008, the Debtors executed a Deed of Trust (the "Deed of Trust") on property located at 10 Palmerwood Drive, Waynesboro, Mississippi (the "Property"), granting BankPlus a first priority lien on the Property (the "Lien") in order to secure performance of all the Debtors' obligations, debts, and liabilities to BankPlus including the Note and/or Letter of Credit Agreement whether absolute or contingent, liquidated, or unliquidated. The Deed of Trust was recorded on November 7, 2008, in the land records of Wayne County, Mississippi.

6. On September 16, 2009, the Debtors filed a voluntary petition for relief (the "Petition") (Bankr. Dkt. No. 1) under chapter 13 of the Bankruptcy Code.

7. Schedule A of the Debtors' Schedules (Bankr. Dkt. No. 3) filed on September 16, 2009, lists a secured claim against the Property in the amount of $277,180.00. In Schedule D, BankPlus is listed as the holder of a contingent, unliquidated, and disputed secured claim on the Property valued at $139,00.00, with the remainder listed as unsecured.

8. On September 16, 2009, the Debtors also filed their proposed chapter 13 plan (the "Plan") (Bankr. Dkt. No. 6) in which they sought to reject the Purchase Agreement with Turquoise, cancel the Letter of Credit, avoid the lien on the Property, and provide no payment to BankPlus or Turquoise.

9. On September 22, 2009, the Debtors filed their Objection to Secured Claims and for Other Relief ("Objection to Claims") (Bankr. Dkt. No. 12) in which the Debtors sought similar relief as that requested in the proposed Plan.

10. On October 27, 2009, BankPlus received a call on the Letter of Credit in the amount of $207,885.00 from U.S. Bank in the form of a Sight Draft and Statement of Beneficiary (collectively, the "Sight Draft").

11. On October 29, 2009, BankPlus filed an Objection to Confirmation of Debtor's (sic) Chapter 13 Plan ("Objection to Confirmation") (Bankr. Dkt. No. 17) in which they requested that the Plan not be confirmed and claimed that there was no legitimate basis for cancellation of the Deed of Trust or avoiding BankPlus's related lien and claims through confirmation. On the same date, BankPlus filed its Response to Objection to Secured Claims and for Other Relief (Bankr. Dkt. No. 16), requesting that it be overruled because there was no legitimate basis for cancelling the Deed

of Trust and for avoiding the liens and claims of BankPlus through the Objection to Claims.

12. BankPlus determined[4] that it was faced with conflicting and competing claims as to the validity of the Letter of Credit and entitlement to payment that could potentially subject the bank to inconsistent adjudications or multiple liabilities to the Debtors and to U.S. Bank in light of the Plan, Objection to Claims, and Sight Draft.

13. On October 30, 2009, BankPlus filed the Adversary Complaint (the "Complaint") (Adv. Dkt. No. 1) against the Debtors, U.S. Bank, and J.C. Bell, Chapter 13 Trustee, seeking relief under two counts. In Count I, BankPlus sought to interplead $207,885.00, the Sight Draft amount, so the Court could determine whether the Letter of Credit is valid or should be cancelled. In Count II, BankPlus sought determination that BankPlus's lien constitutes a first priority deed of trust lien on the Property in an amount equal to funds paid, together with other amounts owed by the Debtors under the Note and Deed of Trust, in the event funds were to be paid to U.S. Bank.

14. On December 2, 2009, U.S. Bank filed U.S. Bank's Motion to Dismiss (Adv. Dkt. No. 8) and Memorandum of Law in Support of Motion to Dismiss (Adv. Dkt. No. 9) in which it requested dismissal of the Complaint based on lack of subject matter jurisdiction or, in the alternative, failure to state a claim upon which relief can be granted.

15. On December 2, 2009, U.S. Bank also filed a complaint against BankPlus in the United States District Court for the Southern District of Alabama (09-cv-00784KD-B) alleging wrongful dishonor of U.S. Bank's draw request on the Letter of Credit (the "Alabama Action").

---

[4] The recitation of BankPlus's position regarding conflicting claims is not a finding by this Court but is a recitation from BankPlus's undisputed version of the facts in support of the Motion.

16. On December 15, 2009, the Debtors filed their response to BankPlus's Objection Confirmation (Bankr. Dkt. No. 47) in which they admitted that the claim of BankPlus is secured by the Deed of Trust, which could not be cancelled through plan confirmation.

17. On December 18, 2009, the Debtors' Plan and Objection to Claims and related pleadings were brought on for hearing before this Court. At that hearing, the Debtors were directed to submit a proposed order allowing them ten (10) days to file an amended Plan which would moot BankPlus's Objection to Confirmation and to withdraw their Objection to Claims as to BankPlus so that issues raised in regard to the Debtors' attempt to cancel the Letter of Credit and avoid the Lien could be addressed in the Adversary.

18. On December 22, 2009, the Debtors filed their Counterclaim which contained an answer and counterclaim against BankPlus, a cross-complaint against U.S. Bank, and a third-party complaint against Turquoise. Under Count III, the Debtors request determination of the validity, priority or extent of the Deed of Trust under the BankPlus Note and Deed of Trust.

19. On December 22, 2009, U.S. Bank filed a motion in the Alabama Action requesting summary judgment and seeking an order directing BankPlus to honor the Sight Draft and to pay prejudgment interest, attorneys' fees, and other costs as well as alleged damages in the amount of $13,147.00 incurred by U.S. Bank in pursuit of collecting funds.

20. On January 7, 2010, U.S. Bank's Motion to Dismiss the Adversary was brought on for hearing at which time this Court granted that motion and ruled that Count I of the Adversary Complaint should be dismissed. *See* ¶ 25 herein.

21. On January 11, 2010, BankPlus responded to the summary judgment motion in the Alabama Action and was advised by an order dated December 28, 2009, that the district court would

take the matter under submission on January 22, 2010.

22. On January 14, 2010, BankPlus filed its Answer and Defenses to Counter Complaint (Adv. Dkt. No. 24).

23. On January 19, 2010, BankPlus filed its Proof of Claim in the Debtors' bankruptcy case. In the attached Statement of Claim, BankPlus claimed that as of the Petition date, BankPlus had: (1) a contingent, unliquidated claim in the amount of $277,180.00 plus other amounts secured by a first priority deed of trust on the Property, and that as of the date of the Proof of Claim, BankPlus had a contingent, unliquidated claim as sought by U.S. Bank in the Alabama Action in the amount of $207,885.00, plus interest and attorneys' fees, and other alleged damages of $13,147.00; (2) a contingent, unliquidated claim in whatever future amounts BankPlus expends in connection with the adversary proceedings and efforts to enforce its rights under the documents; (3) a fixed claim in the amount of $31,477.19 representing attorneys' fees and costs to date, and (4) any other amounts owed.[5]

24. No objection to BankPlus's Proof of Claim has been filed by the Debtors or the Trustee.

25. On February 1, 2010, an order was entered (Adv. Dkt. No. 38) granting U.S. Bank's Motion to Dismiss as to Count I of the Adversary and dismissing claims asserted by BankPlus against U.S. Bank.

---

[5] On July 12, 2010, BankPlus filed an Amended Proof of Claim, as it indicated it would in footnote 8 of the Motion, to reflect the fixing and liquidation of its claim. The amount shown in the Proof of Claim is "Approximately $280,000, plus additional amounts discussed in Exhibit "A" (as of 5/31/20)," attached to the claim.

26. On April 5, 2010, an order and related judgment were entered by the district court in the Alabama Action in favor of U.S. Bank in connection with its summary judgment motion as to whether BankPlus wrongfully dishonored the draft on the Letter of Credit. The district court ruled that BankPlus should have honored the Sight Draft and ordered BankPlus to pay to U.S. Bank the Sight Draft in the amount of $207,885.00 in addition to prejudgment interest in the amount of $6,834.00 for a total of $214,719.00.

27. On or about April 7, 2010, pursuant to the ruling by the district court in the Alabama Action, BankPlus advanced the Note in the amount of $214,719.00. Interest at the rate set forth in the Note has been accruing on that amount.

28. On or about April 9, 2010, BankPlus paid $214,719.00 to U.S. Bank pursuant to the ruling by the district court in the Alabama Action.

29. As of May 31, 2010, BankPlus has incurred attorneys' fees of $63,896.50 and expenses of $2,192.26 for a total of $66,088.76 in connection with the bankruptcy case and the Adversary, and with the Alabama Action, and more specifically, in connection with claims that arose under the Letter of Credit and Letter of Credit Agreement, and in enforcing its rights under the Note, Deed of Trust, Letter of Credit Agreement, and related documents.

30. The Debtors do not dispute that payment under the Letter of Credit converts the claim of BankPlus from a contingent, unliquidated, claim into a non-contingent, fixed claim which is secured by the Property.

31. Debtors' counsel has acknowledged an obligation for litigation fees and expenses of BankPlus. *See* Exhibit E to Motion, 1/7/10 Hearing Transcript, p. 28:15-29.

32. The issue of the amount of attorneys' fees, if any, BankPlus may be obligated to pay U.S. Bank in connection with the Alabama Action, the bankruptcy case, and the Adversary is pending before the Alabama district court.

33. On June 3, 2010, Bank Plus filed an Amended Complaint (Adv. Dkt. No. 3) pursuant to an Agreed Order (Adv. Dkt. No. 68) amending the language of Count II as follows:[6]

> This Court should determine that the Deed of Trust constitutes a first priority deed of trust lien against the Debtors' property described in the Deed of Trust to secure the amount of the Funds plus all other amounts owed by the Debtors to BankPlus pursuant to the terms of the Note, Deed of Trust, and all related documents [which include the Letter of Credit Agreement].[7]

34. No response has been filed to the Amended Complaint.

35.[8] On June 25, 2010, BankPlus filed its Motion and Brief requesting summary judgment as to Count II of the Amended Complaint and as to the Counterclaim, in favor of BankPlus and against the Debtors establishing that:

> BankPlus has a valid Lien on the Property securing all of Debtors' obligations under the Loan Documents, including Debtors' obligation to repay the Indebtedness to BankPlus in the amount of: (i) $214,719.00, plus (ii) $66,088.76 in attorneys' fees and expenses which have been incurred by BankPlus through May 31, 2010, plus (iii) any and all attorneys' fees and expenses which the Alabama District Court may in the Alabama Action ultimately order BankPlus to pay to U.S. Bank, plus (iv) any and all future attorneys' fees and expenses incurred by BankPlus in connection with the Adversary Proceeding, the Bankruptcy Case, the Alabama Action, and all other efforts to enforce its rights under the Loan Documents, plus (v) all other amounts

---

[6] The Amended Complaint was filed after the Alabama district court ruled that BankPlus should honor the Letter of Credit and after BankPlus made the payment to U.S. Bank. The Amended Complaint deletes reference to payment as a contingency.

[7] The bracketed portion is included in the Motion but not in the Amended Complaint.

[8] The remaining factual recitations are not included in BankPlus's version of facts but are set forth here to complete the procedural chronology in the Adversary.

owed by the Debtors to BankPlus pursuant to the terms of the Loan Documents, plus (vi) interest on the foregoing amounts as provided for in the Note.

(Motion at pp. 12-13)

36. No response has been filed to the Motion.

37. On August 24, 2010, an Order was entered (Adv. Dkt. No. 77) dismissing the Trustee from the Adversary.

## Discussion

BankPlus asserts that the undisputed material facts establish that it has a valid, first priority deed of trust against the Debtors' Property securing obligations owed under the Letter of Credit Agreement, the Note, Deed of Trust, and related documents, and that it is entitled to judgment as a matter of law under Fed. R. Bankr. P. 7056, which makes Fed. R. Civ. P. 56 applicable in adversary proceedings.

### A. Legal Standard

Summary Judgment under Fed. R. Civ. P. 56(c) is appropriate when viewing the evidence in the light most favorable to the nonmoving party, the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show that no genuine issue as to any material fact exists, and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Amazing Spaces, Inc. v. Metro Mini Storage, 608 F.3d 225, 234 (5th Cir. June 2, 2010).

Defense of a proper summary judgment motion requires more from the non-moving party than mere allegations or denials of his pleadings. Fed. R. Civ. P. 56(e)(2) provides, in relevant part:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.

Fed. R. Civ. P. 56(e)(2). "[O]nce the moving party meets its initial burden of pointing out the absence of a genuine issue for trial, the burden is on the nonmoving party to come forward with competent summary judgment evidence establishing the existence of a material factual dispute." Versai Mgmt. Corp. v. Clarendon America Ins. Co., F.3d 729, 735 (5th Cir. 2010) (quoting Clark v. America's Favorite Chicken Co., 110 F.3d 295, 297 (5th Cir. 1997). A party may not "defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 399 (5th Cir. 2008) (citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)). Summary judgment is "proper if the party opposing the motion fails to establish an essential element of his case." Bradley v. Allstate Ins. Co., 606 F.3d 215, 222 (5th Cir. 2010) (quoting Celotex, 477 U.S. at 322-23.

In any event, "[t]he movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir 1985). Nevertheless, where there is no opposition to the motion, the court may accept as undisputed the facts set forth in support of the motion for summary judgment, and may grant the motion when the movant's submittals make a prima facie showing of entitlement to judgment as a matter of law. See Eversley, 843 F.2d at 174; U.S. v. Gustafson, 2010 WL 3167783, *4 (S.D. Tex. Aug. 10, 2010).

**B.    The Security Interest**

BankPlus contends in its Motion and Brief that the undisputed material facts establish that the Deed of Trust constitutes a valid, first priority lien against the Debtors' Property securing the Debtors' obligations under the Letter of Credit Agreement, the Note, Deed of Trust, and any related documents.  In determining what is the nature and substance of property rights and security interests in bankruptcy "the basic federal rule is that state law governs."  *See* Ford Motor Credit Co. v. Dale (In re Dale), 582 F.3d 568, 573 (5th Cir. 2009) (quoting Butner v. United States, 440 U.S. 48, 57, 99 S. Ct. 914, 59 L. Ed.2d 136 (1979)).  Generally, a deed of trust creates a consensual security interest that attaches to specific real property and is effective against creditors and subsequent purchasers when delivered to the clerk of the chancery court for the county in which the property is situated.  *See* Miss. Code Ann. §§ 89-5-1, 89-5-3, 89-5-5; In re Shavers, 418 B.R. 589, 605-04 (Bankr. S.D. Miss. 2009); Buras v. Shell Oil Co., 666 F. Supp. 919, 922 (S.D. Miss. 1987).

Letter of credit arrangements are analogous to mortgages given to secure advances to be made at a future time, and "[i]t is well established that security arrangements for future advances are valid." Briggs Transportation Co. v. Norwest Bank Minneapolis, N.A. (In re Briggs Transportation Co.), 37 B.R. 76, 79 (Bankr. D. Minn. 1984) (citing Westinghouse Credit Corp. v. Page (In re Page Assoc.), 18 B.R. 713, 716 (D.C.D.C.1982); *see also* In re Smink, 276 B.R. 156 (Bankr. N.D. Miss. 2001) (recognizing that future advance clauses are valid and enforceable under Mississippi law); Shutze v. Credithrift of America, Inc., 607 So. 2d 55 (Miss. 1992).

Security interests in connection with letter of credit arrangements are generally considered to have been created at the time the letter of credit is issued. *See* In re Briggs, at 80; In re Page at 716; Kellogg v. Blue Quail Energy, Inc. (In re Compton Corp.), 831 F.2d 586, 591 (5th Cir. 1987),

modified on other grounds, 835 F.2d 584 (1988). A security interest in property securing a letter of credit has priority over liens which may attach subsequent to the time the security agreement is entered but prior to the time funds are advanced. *See* In re Page at 716. Payment under the letter of credit converts the contingent claim into one that is fixed and non-contingent. *See* U.S. Trust Co. of New York v. Revere Coopper and Brass, Inc. (In re Revere Copper and Brass, Inc.), 60 B.R. 887, 891 (Bankr. S.D. N.Y. 1985); Berliner Handels-Und Frankfurter Bank v. East Tex. Steel Facilities, Inc. (In re East Tex. Steel Facilities, Inc.), 117 B.R. 235, 242 (Bankr. N.D. Tex. 1990); In re Briggs at 79.

The Deed of Trust securing the Debtors' obligations to BankPlus under the Letter of Credit Agreement and the Note and related documents was executed on November 1, 2008, and was recorded November 7, 2008. Under Mississippi law, the security interest was perfected at the time of recordation and took effect as to all creditors and subsequent purchasers for valuable consideration without notice. The contingent claim that arose upon the creation of the Letter of Credit and Letter of Credit Agreement and Note became fixed and liquidated upon payment under the Letter of Credit by BankPlus.

**Conclusion**

No evidence has been submitted to establish the existence of a material factual dispute, and the facts set forth in the Motion and documentation submitted by BankPlus are accepted as undisputed. The Court concludes, based upon the undisputed, relevant material facts set forth, that a prima facie case has been made that entitles BankPlus to judgment as a matter of law on Count II of the Amended Complaint and Count III of the Counterclaim, determining that BankPlus holds a valid, first priority mortgage lien against the Debtors' Property securing the Debtors' obligations,

debts and liabilities under the Letter of Credit Agreement, the Note and Deed of Trust and related documents, in the amount of $214,719.00, plus any other amounts that may be determined by the Court to be owed. The Court shall set a status conference to determine what issues in this Adversary remain.

Accordingly, the Court concludes that the Motion should be granted, and BankPlus is entitled to partial summary judgment as a matter of law. In accordance by Fed. R. Bankr. P. 7058, the Court will enter a separate order consistent with this Memorandum Opinion.

_____
Neil P. Olack
United States Bankruptcy Judge
Dated: October 28, 2010